```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/10/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                  :

NIRAM, INC.,                                         Case No. 1:21-cv-05966 (MKV)

                                        :
                     Plaintiff,
                                        :

     -against-
                                        :

STERLING NATIONAL BANK,
                                        :
                   Defendant.
                                        :
------------------------------------------------------------------- x

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, in the above-captioned action, Plaintiff Niram, Inc. ("Plaintiff") and Defendant Sterling National Bank ("Defendant") (separately, a "Party" and together, the "Parties"), or a non-party may be required to disclose information that is deemed Confidential Information, as defined herein;

WHEREAS, the Plaintiff and Defendant wish to facilitate discovery while protecting confidential information, as defined below, in accordance with applicable law;

WHEREAS, the Plaintiff and Defendant, having conferred through their respective counsel, have stipulated and agreed to the following terms and conditions of this protective order (the "Order");

ACCORDINGLY, IT IS HEREBY STIPULATED, AGREED AND ORDERED that:

Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of the Order.

## DEFINITIONS

1.     "Action" means the captioned matter, including any litigation, action, or

proceeding; alternative dispute resolution proceedings; appeals; supplemental proceeding in any jurisdiction brought to enforce any judgment entered in the captioned matter; and any settlement agreement among or between any of the parties.

2. "Confidential Information" means Litigation Material that a party or non-party in good faith believes is confidential and has designated as such in accordance with this Order. Confidential Information may include trade secrets, confidential or proprietary information (including scientific, technical, research, development, commercial, or financial information), personnel files (such as personal information protected by law), information subject to legal or contractual limits on disclosure, and other sensitive information that, if not restricted as set forth in this Order, may result in competitive or financial injury or potential legal liability, including, but not limited to, any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c) or applicable laws or regulations. Litigation Material is not Confidential Information if it has become available to the public through no violation of this Order. Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Confidential."

3. "Designating Party" means a party or non-party who designates Confidential Information.

4. "Litigation Material" means any information of any type, kind, or character and in any form or medium, electronic or otherwise (whether it be a document, object, thing, or material; information contained in a document; information revealed during a deposition; information revealed in an interrogatory answer; or otherwise, including all copies, extracts, and summaries thereof) that is produced or disclosed in this Action.

5. The term "Personal Data" means any information related to, reflecting, associated

with or identifying a natural person that a Disclosing Party believes in good faith to be subject to federal, state or foreign data privacy, data protection laws or other privacy obligations. Personal Data constitutes material requiring special protection. Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data."

6. "Receiving Party" means a party that receives Litigation Material.

## DESIGNATION OF CONFIDENTIAL INFORMATION IN DISCOVERY MATERIAL

**I.  Use of Litigation Material**

7. Litigation Material shall be used by the Receiving Party solely in connection with this Action, including without limitation any related alternative dispute resolution proceedings, appeals, supplemental proceedings in any jurisdiction brought to enforce any judgment entered in the captioned matter, and any settlement agreement among or between any of the parties, and for no other purpose, including any business, competitive, or other similar purpose.

8. This Order shall not prevent a party or non-party from any use of its own Litigation Material, including Confidential Information, for any purpose.

**II.  Designating Confidential Information**

    **A.  Marking the Confidential Information**

9. Confidential Information may be designated as such by marking each page with a "Confidential" stamp or affixing "Confidential" in any other manner that is appropriately suited for the medium. Such designations shall be made in accordance with the parties' Stipulation Regarding the Production of Documents and Electronically Stored Information (the "ESI Protocol").

**B.     Inspection Prior to Designation**

10.     Litigation Material produced for inspection prior to designation as Confidential Information shall, if requested by the Designating Party, be treated as Confidential Information during inspection.  At the time of copying, Confidential Information shall be marked "Confidential," in accordance with Section II(A)(9).

**C.     Depositions**

11.     Litigation Material produced or disclosed at depositions may be designated as Confidential Information by (i) indicating on the record at the deposition that the testimony or an exhibit is Confidential Information or (ii) notifying all parties in writing not later than 30 days of receipt of the final transcript of the specific pages and lines of the transcript (and any exhibits) that should be treated as Confidential Information.

12.     Those portions of transcripts (and any exhibits) designated Confidential Information shall be treated as Confidential Information from the date of the deposition until 30 days after receipt of the final transcript.

**III.    <u>Failure to Designate</u>**

13.     Litigation Material may be designated as Confidential Information before or after it has been produced or disclosed.  When Litigation Material is designated as Confidential Information after it has been produced or disclosed, it shall be treated as Confidential Information from the date written notice of the designation is received by the Receiving Party.

<center><u>**DISCLOSURE OF INFORMATION DESIGNATED
AS CONFIDENTIAL INFORMATION**</u></center>

14.     All Confidential Information disclosed in the litigation shall be used only for the purposes set forth in Section I and for no other purpose whatsoever, including use in other legal actions, present or future.

15. Confidential Information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons, except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; *provided, however*, that in the event of a disclosure compelled by law or court order, the Receiving Party will promptly notify the Designating Party and shall not produce the requested materials without first giving the Designating Party an opportunity to oppose the requested production. "Qualified Persons" means:

(a) counsel of record for the Parties, co-counsel assisting such counsel of record in the litigation, the partners, of counsel, and associate attorneys of such counsel of record and co-counsel assisting in the litigation, and any litigation support personnel, paralegals, or stenographic and/or videographic reporters, secretarial, or clerical personnel assisting counsel of record for the Parties in the litigation;

(b) personnel of the Parties actually engaged in assisting in this proceeding and who have been advised of their obligations under this Order;

(c) experts, consultants, vendors, and contractors retained to assist counsel of record in the litigation, including their assistants, staff, and stenographic, secretarial, or clerical personnel;

(d) any deponents in the litigation and their counsel, provided that such witnesses not retain any copies of documents or tangible things marked "CONFIDENTIAL";

(e) any witnesses or prospective witnesses, including but not limited to third-party witnesses, and their counsel, provided that such witness not retain any copies of documents or tangible things marked "CONFIDENTIAL";

(f) the Court and its staff, including stenographic and/or videographic reporters, in connection with the Court's administration and adjudication of this Action;

(g) the author(s), addressee(s), or recipient(s) of the Confidential Information;

(h) any Party's members, accountants, outside or internal auditors, and regulators or other government agencies requiring access to the Confidential Information;

(i) The Parties' insurers and insurance intermediaries for the purpose of insurance or contract administration and billings;

(j) Any mediator or arbitrator engaged by the Parties to the Action;

(k) any other person to whom the Court compels disclosure of the Confidential Information or to whom disclosure is required by law; and

(l) Any other person or entity who Counsel for the Designating Party agrees, after conferring in good faith, should have access to Confidential Information or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

16. Any Party to whom Confidential Information is disclosed pursuant to this Order that receives a subpoena, order, or other request for production or disclosure of all or part of such Confidential Information shall, within five (5) business days after receiving such subpoena, order, or other request, provide written notice by facsimile or electronic transmission to the relevant Designating Party, identifying the information sought and attaching a copy of the subpoena, order,

or other request, so that the Designating Party may, if it so chooses, make an application for relief from the subpoena, order, or other request.

17. To the extent permitted by law, the Party to which the subpoena is directed shall not produce material for at least ten (10) business days after notice of the subpoena is provided to the Designating Party in order to provide the Designating Party a reasonable period of time in which to seek to quash, limit or object to the subpoena, or to move for any protection for the Discovery Material.

## USE OF INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION IN COURT FILINGS

18. In the event any Party that is a signatory to this Order seeks to submit to the Court any Confidential Information for any purpose prior to trial, that Party shall redact all Confidential Information and file the redacted pleading, motion, or document pursuant to established Court filing procedures under the Southern District of New York's ECF Rules & Instructions. The Clerk of the Court shall file and maintain under seal any such documents until further order of the Court, and such Confidential Information so filed shall not be made available to anyone other than the persons identified in Paragraph 15.

19. A Party intending to file with the Court any pleadings, motions, or other papers disclosing information designated as Confidential Information by a Designating Party, shall, to the extent practicable, give prior notice to the relevant Designating Party, identifying the information designated confidential that would be disclosed in the filing. The Designating Party and the filing Party shall endeavor to minimize the amount of material that is filed under seal.

IV. **Challenging a Designation**

20. A party may challenge a Confidential Information or Qualified Person designation at any time. It is not obligated to assert the challenge at the time such designation is made, and a

failure to do so shall not preclude a subsequent challenge.

21. If a party disagrees in good faith with such designation, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production or disclosure of redacted copies. If the dispute cannot be resolved, the objecting party may then move the Court for an order to alter the designation.

22. The Confidential Information or Qualified Person in question shall remain so designated unless and until the Court orders otherwise. However, upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the Qualified Person in question. The Designating Party shall bear the burden of demonstrating that the designation is correct.

V. **Non-Party Application**

23. A non-party may designate its Litigation Material as Confidential Information in accordance with the terms of this Order, and it shall be treated as Confidential Information. The non-party may obtain the benefits of this Order to the extent contemplated herein.

**GENERAL PROVISIONS**

24. With the exception of the persons specified in Paragraph 15(a), (b), (f), (g), and (j), any person to whom Confidential Information is to be disclosed shall first be advised by the attorney making the disclosure to that person that pursuant to this Order he or she may not divulge any Confidential Information to any other person not authorized under Paragraph 15 above to have access to such Confidential Information. The attorney disclosing Confidential Information shall secure from each person to whom the Confidential Information is disclosed (except persons specified in Paragraph 15(a), (b), (f), (g) or (j)) an Acknowledgment in the form attached as Exhibit A to this Order, stating that such person has read the Order and agrees to be bound by it. The attorney securing the Acknowledgment shall maintain it until further order of the Court.

25. Production of any documents, testimony, or information in this Action without a designation of "CONFIDENTIAL" shall not, in and of itself, be deemed a waiver of any party's claim that the information constitutes Confidential Material if, after discovering such failure to so designate, the Designating Party sends a written notice to counsel for all other Parties and designates the previously produced documents, testimony or information as "CONFIDENTIAL." Upon receipt of such notice, the Receiving Party shall thereafter treat the documents, testimony or information as if they had been designated "CONFIDENTIAL" upon initial production.

26. Pursuant to Federal Rule of Evidence 502(d), disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Designating Party would be entitled in the litigation or any other federal or state proceeding. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Designating Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Designating Party and sequester such information until instructions as to disposition are received. The failure of any Party to provide notice or instructions under this Order shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Designating Party would be entitled in the litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that by making such production:

(a) the production of documents or information subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege, was not inadvertent by the Designating Party;

(b) the Designating Party did not take reasonable steps to prevent the disclosure of privileged documents;

(c) the Designating Party did not take reasonable or timely steps to rectify such disclosure; and/or

(d) such disclosure acts as a waiver of applicable privileges or protections associated with such documents.

This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502 and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

27. Nothing in this Order shall preclude the Plaintiff, Defendant, or any third party from using or disclosing documents that it has obtained through no violation of this Order.

28. Nothing in this Order shall be deemed to preclude the Plaintiff, Defendant, or any third party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Order.

29. ~~This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.~~

30. This Order shall survive the termination of the litigation.  Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Designating Party, within 60 days of the final disposition of this Action whether by settlement, final judgment, denial of final appeal, or other termination of this Action, each Party in receipt of Discovery Material designated as Confidential Information, shall either promptly return all copies of the Confidential documents to the Designating Party or take reasonable efforts to destroy the Confidential documents, except for such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation.  However, each Party and counsel for each Party may keep one complete set of all pleadings, transcripts, filings, motions, briefs, related supporting papers and exhibits.  This Order shall not be construed to cause counsel for the Parties to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action.

31. The Plaintiff and Defendant may propose modifications to this Order by further agreement of counsel if circumstances warrant or, for good cause shown, may seek to modify this Order upon motion made to the Court.

32. The Parties agree to treat the terms of this Order as binding upon execution and before it is formally entered by the Court.

| | |
|---|---|
| BARNES & THORNBURG, LLP | ROBINSON & COLE LLP |
| By: /s/ Joseph A. Matteo <br> Joseph A. Matteo <br> 445 Park Avenue, Suite 700 <br> New York, NY 10022 <br> Phone: (646) 746-2023 <br> E-mail: jmatteo@btlaw.com <br><br> *Attorneys for Plaintiff Niram, Inc.* | By: _____ <br> Edward J. Heath <br> Ian T. Clarke-Fisher <br> Sandra Marin Lautier <br> 666 Third Avenue, 20th Floor <br> New York, New York 10017 <br> Phone: (212) 451-2900 <br> E-mail: eheath@rc.com <br> E-mail: iclarke-fisher@rc.com <br> E-mail: slautier@rc.com <br><br> *Attorneys for Defendant Sterling National Bank* |

**IT SO ORDERED.**

**Dated**

January 10, 2022

_____
Hon. Mary Kay Vyskocil

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                              :

NIRAM, INC.,                                                   Case No. 1:21-cv-05966 (MKV)

                               Plaintiff,

   -against-

STERLING NATIONAL BANK,

                              Defendant.
------------------------------------------------------------------- x

## CERTIFICATION REGARDING PROTECTIVE ORDER

    I, _____ [name], of _____ [business or home address], hereby certify that I have read the Order entered into in the above-captioned action on _____, 20\_\_.

    I agree to be bound by the terms of that Order and comply with those terms. I agree not to disclose to anyone any material subject to the Protective Order or the contents thereof except as provided in the Protective Order. I further agree that any Confidential documents, materials or information furnished to me will be used by me only for the purposes of the above-caption action, including any appeals, and for no other purpose, and will be returned by me to the person who furnished the materials to me upon conclusion of the action. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Southern District of New York with respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt of that Order.

Date:_____

_____
    [Signature]